RODGERS, Presiding Justice.
This is an appeal from a judgment of the Circuit Court of Rankin County, Mississippi, in which the trial court denied relief under application for a writ of error coram nobis sought by Paul Harrell to obtain a new trial in a case where the petitioner had pleaded guilty to armed robbery.
The petitioner contended in the trial court, and now contends here, that he was denied his constitutional right to have an attorney at a time when he was being interrogated by the officers after he had been arrested, and that the State failed to show that he effectively waived this right.
We have examined the testimony in this case, and the record shows that the officers repeatedly advised the defendant, Paul Harrell, that he could have the aid of an attorney, and that he could remain silent; but the defendant not only voluntarily confessed to the robbery, he showed the officers where the money taken from the bank was buried. There is no merit in this contention.
The petitioner also claims that his plea of guilty was not voluntarily given, but was coerced by the officers. He contends that he was promised a “light sentence” and that one of the officers threatened his family. He admitted that his attorney tried to get him to plead not guilty. He testified that he figured he would get seven (7) or twelve (12) years if he pled guilty.
The testimony of all the other witnesses refutes the contention of the prisoner. The prosecution overwhelmingly established the fact that his plea of guilty was freely and voluntarily made. Th'e mere fact that the defendant was not educated does not exempt him from punishment for a crime he obviously committed.
The judgment of the circuit judge denying a writ of error coram nobis was correct and must be affirmed.
Affirmed.
INZER, ROBERTSON, WALKER and BROOM, JJ,, concur.